STATE

v.

Sean WILLIAMS.

No. 98–17–C.A.

Supreme Court of Rhode Island.

Feb. 18, 1999.

Andrea J. Mendes, Aaron L. Weisman, Providence.

Paula Rosin, Providence.

## ORDER

This case came before the Court for oral argument on January 27, 1999, pursuant to an order directing the parties to show cause why the defendant's appeal should not be summarily decided. After reviewing the memoranda submitted by the parties and hearing the oral arguments of counsel, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be summarily decided at this time.

The pertinent facts are as follows. About 11:55 p.m. on November 15, 1996, Providence Police Officer Ronald Davis responded to the report of a disturbance at the John Hope Settlement House on Burgess Street in Providence. Once there, Davis heard several gunshots and entered the center to investigate. Following up on information he received inside, Davis departed through a rear door and observed three black males running toward a gray Honda automobile in the parking lot. Davis drew his service revolver and ordered the men to halt. The three men entered the vehicle and sped off as Davis attempted to give chase on foot.

While making a right hand turn out of the parking lot, the Honda collided with a police cruiser arriving at the scene and then fled up Burgess Street, scraping along the driver's side of the cruiser. Officer Roderick Soares, driver of the cruiser involved in the accident, testified at trial that during the collision, the cars became interlocked for two to three seconds and in that interval he and the driver of the Honda looked directly at each other.

Both Soares and Davis gave chase in their police cruisers. During the pursuit, Soares observed the driver of the fleeing auto drop an object from the driver's side window. Soares concluded that the object was a gun when it discharged upon striking the ground. Another Providence Police Officer later responded to this location and retrieved an operable .22 caliber pistol.

The chase reached its dénouement when the Honda turned down a dead-end street. With no where to go, the car fishtailed to a stop. Officer Daniel Murphy, arriving at the scene just as the Honda came to a halt, observed the person sitting in the driver's seat of the vehicle open the car door and run. Murphy, keeping the suspect in sight, pursued and eventually apprehended him. Once the suspect was secured in the back of the police cruiser, Officer Soares identified the apprehended suspect, later found to be the defendant Sean Williams, as the driver of the Honda. The vehicle's other two occupants were not caught.

Williams was charged with the crimes of carrying a pistol without a license and leaving the scene of an accident resulting in property damage. The case proceeded to trial on March 27, 1997. During the prosecution's case-in-chief, Officers Soares and Murphy identified Williams as the driver of the Gray Honda. The defense presented two witnesses. Rocky Lubin testified that he had given defendant a ride to the John Hope Settlement House on the evening of November 15, 1996. However,

the trial justice granted the prosecution's motion to preclude Lubin from testifying that, as far as he knew, defendant did not have access to a vehicle at the John Hope Settlement House that evening. The defendant also testified, stating that he was a passenger, not the driver, in the Honda and that he was unaware that there was a gun in the car.

At the conclusion of the trial, the jury returned guilty verdicts on both counts. The trial justice denied defendant's motion for a new trial on both counts, but only after noting that "[i]f I were trying this case without a jury, I would have found the defendant not guilty on both counts, but I cannot in good conscience say that reasonable men could not differ with my result. Therefore, I feel I cannot take this case away from the jury * * *." The trial justice later sentenced the defendant to seven years imprisonment, sentence suspended, and seven years probation on the charge of carrying a firearm without a license, and one year imprisonment, sentence suspended, and one year probation, on the charge of the leaving the scene of an accident resulting in property damages, both sentences to be served concurrently. The defendant appeals from the judgment of conviction on both charges.

We shall consider the issues raised on appeal seriatim. First, defendant claims that the trial judge committed reversible error in precluding Lubin from testifying that, to the best of his knowledge, defendant did not have a car at the John Hope Settlement House on the night of the incident. Rule 602 of the Rhode Island Rules of Evidence states that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." In response to the prosecution's objection, defendant failed to offer a representation to the court that Lubin had any personal knowledge of whether defendant did or did not have access to a vehicle at the John Hope Settlement House that evening. Lacking any indicia of personal knowledge on Lubin's part, the trial justice was correct in not permitting Lubin to testify on this subject matter.

Second, defendant submits that the trial justice erred by denying defendant's motion for a new trial on the charge of carrying a firearm without a license on the grounds that the evidence presented by the state was not sufficient to support his conviction. In ruling on a motion for a new trial, "[t]he trial justice * * * determines that the evidence is sufficient to support the jury's verdict." State v. Goodreau, 560 A.2d 318, 323 (R.I.1989). A trial justice's ruling on a new trial motion is entitled to great weight, State v. Dame, 560 A.2d 330, 332 (R.I.1989), and will only be overturned "if * * * the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong." State v. Scurry, 636 A.2d 719, 725 (R.I. 1994).

While disagreeing with the jury's verdict, the trial justice was correct to deny the motion for a new trial on the carrying a firearm without a license charge because sufficient evidence supported the jury's conviction of the defendant on that count. Officers Soares' and Murphy's testimony supported the conclusion that the defendant was driving the gray Honda. Officer Soares recounted that he could clearly see the driver when their cars collided, and that he later identified the defendant as the driver. Officer Murphy testified he chased and caught the person he saw exit the driver's seat of the Honda and identified that person as the defendant. Additionally, Officer Soares testified that he observed the Honda's driver drop a gun from the driver's side window. This observation was corroborated by the retrieval of a .22 caliber pistol from the reported location of the drop. Finally, the parties stipulated that the defendant did not have a license to carry a handgun. Therefore, the jury could properly conclude from the testimony that: 1) the driver of the Honda was Sean Williams; 2) that he possessed a firearm which he dropped out of the driv-

er's side window; and 3) that he possessed this firearm without a license. Consequently, the trial court was correct in denying the defendant's motion for a new trial.

Third, the defendant argues that the trial justice erred by not instructing the jury to consider the factors delineated in *Neil v. Biggers,* 409 U.S. 188, 199–200, 93 S.Ct. 375, 382–83, 34 L.Ed.2d 401, 411 (1972), when weighing the reliability of Officer Soares's eyewitness identification of the defendant. This jurisdiction, however, does not require such an instruction, *see State v. Gomes,* 604 A.2d 1249, 1256 (R.I.1992); *State v. Andrade,* 544 A.2d 1140, 1143 (R.I.1988), and we see no need to revisit that issue now. Moreover, the applicability of the reliability factors set forth in *Neil v. Biggers* is only triggered in circumstances when a defendant has established that an out-of-court identification was produced as a result of improper suggestive conduct by police interrogators. No impermissible suggestion has been established in this case.

For the reasons stated, the defendant's appeal is denied and dismissed and the judgment of the Superior Court is affirmed.